## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 C 5420** |
| | ) | |
| **WELLS FARGO BANK, N.A., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wells Fargo Bank N.A.'s (Wells Fargo) and Defendant Laura L. Baker's (Laura Baker) motions to dismiss. For the reasons stated below, the motions to dismiss are granted in part and denied in part without prejudice. In addition, the remaining state law claims are remanded to state court.

## BACKGROUND

Plaintiff William J. Baker (Plaintiff) alleges that he was married to Laura Baker until June 27, 2008, and that during their marriage, the couple lived at 705 Glenda Court, in Sandwich, Illinois (Residence). Laura Baker allegedly acted as the fiduciary for the family, and was allegedly employed by Wells Fargo. On July 24,

2006, Laura Baker allegedly entered into a no doc loan with Wells Fargo (Modification Agreement) to obtain a modification to an existing home equity line of credit secured by the Residence (Home Equity Line of Credit). Laura Baker allegedly entered into the Modification Agreement without Plaintiff's authority, and without notifying Plaintiff or providing Plaintiff with proper disclosures or any documents relating to the Modification Agreement. In addition, Laura Baker allegedly provided false information to Wells Fargo in connection with obtaining the Modification Agreement, including false statements relating to Plaintiff's income, and Laura Baker allegedly forged Plaintiff's signature on the Modification Agreement. Defendant Kathleen Martin (Martin) was allegedly employed by Defendant CC Services, Inc. (CC Services), and Martin allegedly notarized the Modification Agreement. The Modification Agreement allegedly increased the Home Equity Line of Credit from $30,000 to $65,000.

On August 24, 2007, Laura Baker also allegedly executed loan documents establishing an additional line of credit in the amount of $105,000 secured by the Residence (Line of Credit Mortgage). Laura Baker allegedly entered into the Line of Credit Mortgage without Plaintiff's authority, and without notifying Plaintiff or providing Plaintiff with proper disclosures or any documents relating to the Line of Credit Mortgage. In addition, Laura Baker allegedly furnished false information to Wells Fargo in connection with obtaining the Line of Credit Mortgage, including false statements relating to Plaintiff's income, and Laura Baker allegedly forged Plaintiff's signature on the Line of Credit Mortgage. Defendant Maria Weldy

2

(Weldy) was allegedly employed by Defendant American Land Title Guaranty and Abstract Corporation (American Land Title), and Weldy allegedly notarized the Line of Credit Mortgage. In total, Laura Baker allegedly withdrew $104,967 from the Line of Credit Mortgage, which she allegedly used to pay personal bills and make deposits into a personal bank account.

According to Plaintiff, at all relevant times, Laura Baker was acting within the scope of her employment, and Wells Fargo assented and consented to the alleged acts of Laura Baker. Plaintiff includes in his complaint, which was filed June 22, 2011 in state court, a claim brought against Wells Fargo alleging violations of the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (Count I), claims brought against Wells Fargo and Laura Baker alleging violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.* (Count II), claims brought against Wells Fargo and Laura Baker alleging violations of the Home Ownership and Equity Protection Act of 1994 (HOEPA), 15 U.S.C. § 1602 *et seq.* (Count III), a claim brought against Wells Fargo alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count IV), fraud claims brought against Wells Fargo and Laura Baker relating to the Modification Agreement (Count V), fraud claims brought against Wells Fargo and Laura Baker relating to the Line of Credit Mortgage (Count VI), a breach of fiduciary duty claim brought against Laura Baker (Count VII), claims brought against Weldy and American Land Title alleging violations of the Illinois Notary Public Act (INPA), 5 ILCS 312/1-101 *et seq.* (Count VIII), claims brought against Martin and CC Services

alleging violations of the INPA (Count IX), a breach of fiduciary duty claim brought against Wells Fargo (Count X), a constructive fraud claim brought against Wells Fargo (Count XI), unjust enrichment claims brought against all Defendants (Count XII), and Illinois Consumer Fraud and Deceptive Business Practice Act (ICFA), 815 ILCS §505/1 *et seq.*, claims brought against Wells Fargo and Laura Baker.  On August 10, 2011, Wells Fargo removed the instant action from state court.  On January 4, 2012, CC Services, Martin, and Weldy were dismissed from the instant action, and on January 30, 2011, American Land Title was dismissed from the instant action.  Wells Fargo and Laura Baker (collectively referred to as "Defendants") now move to dismiss the claims brought against them pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496

F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127

S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at

622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662

(2009))(internal quotations omitted).


**DISCUSSION**


I.  TILA, HOEPA, and RESPA Claims

Wells Fargo argues that Plaintiff's TILA, HOEPA, and RESPA claims should

be dismissed as time-barred.  Plaintiff's TILA, HOEPA, and RESPA claims are

subject to a one-year statute of limitations.  *See* 15 U.S.C. § 1650(e)(requiring TILA

or HOEPA claims for damages to be brought "within one year from the date of the

occurrence of the violation"); *see also* 12 U.S.C. § 2614 (requiring RESPA claim for

violation of 12 U.S.C. § 2607 to be brought within one year "from the date of the

occurrence of the violation").  The loan documents giving rise to the alleged TILA,

HOEPA, and RESPA violations were allegedly executed on July 24, 2006, and

August 24, 2007, and Plaintiff did not file the instant action until June 22, 2011.

However, Plaintiff alleges in his complaint that his TILA and HOEPA claims are

timely because "the statute of limitations . . . did not begin to run and/or was equitably tolled until such time that [Plaintiff] had a reasonable opportunity to discover" the violations. (Compl. Par. 45, 61). Plaintiff also alleges in his complaint that his RESPA claims are timely because "the RESPA violations . . . occurred within one year of the commencement of this action," or "[a]lternatively, the limitations period on Plaintiff's RESPA claim should be equitably tolled because Plaintiff did not discover and did not have a reasonable opportunity to discover Defendants' unlawful conduct." (Compl. Par. 57). In addition, Plaintiff argues that either the doctrine of equitable tolling or the doctrine of equitable estoppel apply to his TILA, HOEPA, and RESPA claims.

Equitable tolling and equitable estoppel are two equitable tolling doctrines that federal courts have "grafted on to federal statutes of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)(citations omitted). Equitable tolling is appropriately applied when "despite all due diligence," a plaintiff "is unable to obtain vital information bearing on the existence of his claim." *Chapple v. National Starch and Chemical Co. and Oil*, 178 F.3d 501, 505-06 (7th Cir. 1999)(quoting *Cada*, 920 F.2d at 451). Equitable tolling will be applied to a plaintiff's claims only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)(internal quotations omitted)(quoting in part *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010)). In addition, a plaintiff can rely on equitable tolling only if he

6

"bring[s] suit within a reasonable time after he has obtained, *or by due diligence could have obtained*, the necessary information." *Cada*, 920 F.2d at 453 (emphasis added); *see also Chapple*, 178 F.3d at 506 (stating that the limitations period is tolled only if a plaintiff shows that he "exercised continuous diligence and brought the suit as soon as it was practicable")(citations omitted).

In contrast, equitable estoppel is appropriately applied when a plaintiff can show that a defendant took "active steps to prevent him from suing in time," and that the plaintiff "actual[ly] and reasonab[ly] [relied] on the defendant's conduct or misrepresentations." *Smith v. Potter*, 445 F.3d 1000, 1010 (7th Cir. 2006)(citations omitted). Equitable estoppel, which is also referred to as fraudulent concealment, "presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant-*above and beyond the wrongdoing upon which the plaintiff's claim is founded*-to prevent the plaintiff from suing in time." *Cada*, 920 F.2d at 451 (emphasis added).

As indicated above, Plaintiff contends that equitable tolling or equitable estoppel should be applied to his TILA, HOEPA, and RESPA claims. However, Plaintiff alleges in his complaint that the Marriage Settlement Agreement that he entered into on June 27, 2008, "provided that Plaintiff [would] assume indebtedness related to the fraudulent Line of Credit Mortgage and Modification Agreement." (Compl. Par. 87)(internal quotations omitted). As discussed in more detail below, since Plaintiff acknowledges in his complaint that the Marriage Settlement

7

Agreement referenced the loans at issue in the instant action (Loans), Plaintiff has

pled himself out of court. *See Independent Trust Corp. v. Stewart Information*

*Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)(indicating that even though a

plaintiff is not generally required to allege facts to overcome a statute of limitations

defense in his complaint, dismissal pursuant to Rule 12(b)(6) is appropriate where "a

plaintiff's complaint nonetheless sets out all of the elements of an affirmative

defense." ); *see also Cancer Foundation, Inc. v. Cerberus Capital Management*, *LP*,

559 F.3d 671, 674-75 (7th Cir. 2009)(stating that "[d]ismissing a complaint as

untimely at the pleading stage is an unusual step," but indicating that it is

"appropriate when the plaintiff pleads himself out of court by alleging facts sufficient

to establish the complaint's tardiness")(citation omitted).

     In his complaint, Plaintiff has alleged facts showing that he should have

discovered his TILA, HOEPA, and RESPA claims no later than June 27, 2008, when

his marriage was dissolved.  Thus, even applying the federal discovery rule to

Plaintiff's TILA, HOEPA, and RESPA claims, such claims would have accrued no

later than that date.  *See Arroyo v. United States*, 656 F.3d 663, 668, 673 (7th Cir.

2011)(indicating that under the federal discovery rule, "a plaintiff's claim accrues

when: (A) the plaintiff discovers; or (B) a reasonable person in the plaintiff's

position would have discovered that he has been injured by an act or omission

attributable to the [defendant]"); *Sellars v. Perry*, 80 F.3d 243, 246 (7th Cir.

1996)(stating that the "discovery rule asks whether the plaintiff knew *or should have*

*known* of his injury")(emphasis in original); *Cada*, 920 F.2d at 450 (stating that

"[t]he rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the 'discovery rule' of federal common law, which is read into statutes of limitations in federal-question cases (even when those statutes of limitations are borrowed from state law) in the absence of a contrary directive from Congress")(citations omitted). Plaintiff's TILA, HOEPA, and RESPA claims were filed on June 22, 2011, almost three years after the latest date that such claims accrued.

Further, Plaintiff has not shown that either of the equitable tolling doctrines should be applied to his TILA, HOEPA or RESPA claims. In the first instance, Plaintiff's own lack of diligence in failing to ascertain the details surrounding to "the two home equity loans owed to Wells Fargo" referenced in the Marriage Settlement Agreement, (L. Baker Mot. Ex. A, 11), precludes the application of equitable tolling in this case. Further, Plaintiff has not provided any information relating to any extraordinary circumstances that prevented him from filing the instant action within one year of the date upon which he should have discovered his claims. In addition, Plaintiff has not alleged or argued facts showing that he filed the instant action within a reasonable time period after actually discovering the existence of the Loans. In fact, Plaintiff has failed to allege or argue any facts relating to when or how he discovered the existence of the Loans. Plaintiff's conclusory statement in his response brief that he "immediately began the process to properly file suit to remedy his injury" upon discovering the Loans is not sufficient to support the application of equitable tolling under the circumstances presented in this case. (P. Resp. WF Mot.

9

10).

In addition, the only acts of concealment that Defendants allegedly committed were failing to affirmatively notify Plaintiff of the Loans, and failing to provide Plaintiff with required disclosures and documents upon execution of the Loans. Thus, Plaintiff has not alleged or argued any facts relating to efforts made by Defendants to prevent the timely filing of the instant action that go "above and beyond" any of the acts upon which Plaintiff's claims are premised, as required to support tolling the statute of limitations based on the doctrine of equitable estoppel. *Cada*, 920 F.2d at 451. Finally, the court notes with respect to Plaintiff's RESPA claims that Plaintiff has alleged no facts to plausibly suggest that any violations of RESPA occurred within one year of the filing of this action. Therefore, based upon the above, the TILA, HOEPA, and RESPA claims brought against Defendants are dismissed.


## II.  FDCPA Claim

Wells Fargo argues that Plaintiff's FDCPA claim should be dismissed because, as a creditor, Wells Fargo is not subject to the FDCPA. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Thus, the FDCPA applies only to debt collectors, and does not apply to creditors. *Ruth v. Triumph*

*P'ships*, 577 F.3d 790, 796 (7th Cir. 2009).  The FDCPA defines a debt collector as

"any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another."  15 U.S.C. § 1692a(6).  In contrast, the FDCPA

defines a creditor as "any person who offers or extends credit creating a debt or to

whom a debt is owed . . . ."  15 U.S.C. § 1692a(4).  Generally, under the FDCPA

"these two categories-debt collectors and creditors-are mutually exclusive."

*Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 536 (7th Cir. 2003)(noting that

"the [FDCPA] treats assignees as debt collectors if the debt sought to be collected

was in default *when acquired by the assignee*, and as creditors if it was

not")(emphasis added)(citations omitted)).  However, the term "debt collector" does

include "any creditor who, in the process of collecting his own debts, uses any name

other than his own which would indicate that a third person is collecting or

attempting to collect such debts."  15 U.S.C. § 1692a.

Plaintiff argues that since a creditor who uses a name other than his own to

collect a debt is subject to the FDCPA, Plaintiff's FDCPA claim cannot be dismissed

at this juncture.  However, Plaintiff has not alleged any facts in his complaint to

plausibly suggest that Wells Fargo ever used any name other than its own in

attempting to collect the debt created in connection with the Loans.  Plaintiff also

argues that since he alleged that Wells Fargo is liable under the FDCPA, he has

adequately pled his FDCPA claim.  Although when ruling on a Rule 12(b)(6) motion

to dismiss, "a court must accept as true all of the allegations contained in a complaint," that legal tenant "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (2009); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986)(stating that when ruling on a Rule 12(b) motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiff's allegation that Wells Fargo is liable under the FDCPA is a stark legal conclusion, if this court has ever seen one. Thus, contrary to Plaintiff's contention, such allegation does not save Plaintiff's FDCPA claim. Therefore, the FDCPA claim brought against Wells Fargo is dismissed.

III.  Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that,

in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore remanded to state court. Defendants' motions to dismiss Counts V-VII and Counts X-XIII, which all relate to alleged violations of Illinois law, can be resolved in state court, and the motions to dismiss such claims are therefore stricken without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss the claims brought against them in Counts I-IV are granted. Defendants' motions to dismiss the state law claims brought against them in Counts V-VII and Counts X-XIII are stricken without prejudice, and such state law claims are remanded to state court.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: May 23, 2012